## THE OHIO TRACTION CO. v. TELINDA.

*Charge to jury—Duty to define negligence and contributory negligence.*

In an action to recover for injury suffered because of the alleged negligence of defendant, where the defense is a general denial of negligence and a charge of contributory negligence, a general charge of the trial court is erroneous which fails to define negligence or contributory negligence and charges that plaintiff must prove his case by a preponderance of the evidence, without explaining on what propositions the evidence should preponderate.

(Decided January 9, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. H. K. Rogers,* for plaintiff in error.
*Mr. Thomas L. Michie* and *Mr. W. W. Bellew,* for defendant in error.

HAMILTON, P. J. This was an action for personal injury suffered by defendant in error, and, as claimed by defendant in error, caused by the negligence of the Traction Company.

The record presents obvious errors in the general charge of the trial court. The general charge consisted of the reading to the jury of the pleadings in the case, a discussion of the credibility of the witnesses, and a dissertation on the sacredness of truth.

The action was a negligence case; the defense was a denial of negligence and a charge of contributory negligence. The court in the charge failed to define the issues or to enlighten the jury with reference thereto. It failed to define negli-

gence or contributory negligence. The court did charge that the plaintiff must prove his case by a preponderance of the evidence, but left the jury to guess on what propositions the evidence should preponderate.

For error in the general charge, the judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.